REGINALD G. SHULENBERG, Claimant, *v.* STATE OF NEW YORK, Defendant.  (Claim No. 36086.)

Court of Claims, June 4, 1962.

*Harvey M. Lifset* and *Elias Moubar* for claimant.  *Louis J. Lefkowitz, Attorney-General* (*Lawrence Wayne* of counsel), for defendant.

PAUL C. REUSS, J.  On October 14, 1954, the claimant was an inmate of Great Meadows Correctional Institution.

At about 2:30 P.M. on that day, under supervision, as he had been directed so to do, claimant, with two other inmates, was standing on a scaffolding installing unit heaters in a building within the walls of the institution.  While so doing his ordered work, one of the planks of the scaffolding broke.  To break his fall, claimant " grabbed ahold of the unit heater " (already installed).

In so doing, he sustained an injury to his right hand.  He now has a permanent flexion deformity of the third finger of that hand.

This claim is to recover damages for that injury.  It has not been assigned.

It was the duty of the State to provide claimant with a safe place in which to work, even though he was an inmate of a correctional institution.  (*Gould* v. *State of New York*, 196 Misc. 488; *Lee* v. *State of New York*, 187 Misc. 268; *Myers* v. *State of*

*New York,* Claim No. 34881, decision May 26, 1962, OSTERMAN, J.; cf. *Weber* v. *State of New York,* 53 N. Y. S. 2d 598.)

The State failed so to do.

The claimant was not guilty of contributory negligence.

Before his incarceration, claimant was employed as a steam fitter. Since his discharge he has not been so employed. He testified that after his release from prison, his application for reinstatment in his union was " turned down ". However, he has been otherwise gainfully employed. His injury has not, it appears, interfered with such employment.

The claimant, however, did sustain a permanent injury. He was, and from time to time, still is, in pain.

That being so, in my opinion, he is entitled to an award against the State in the sum of $2,000.

The motions heretofore made by the State for dismissal of this claim, upon which decisions were reserved are hereby denied.